```
           IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    FORT SMITH DIVISION
```

JUSTIN HEATH BORUM and
JIMMY DARRELL BORUM                                       PLAINTIFFS


              v.            Case No. 13-2110


BRANDON GENE QUARLES                                        DEFENDANT

## ORDER

Now on the 30th day of May, 2013, the above referenced matter comes before the Court for consideration of defendant's **Motion to Dissolve State Court Ordered Temporary Restraining Order** (document #6). The Court, being well and sufficiently advised, finds and orders as follows:

1. Plaintiffs commenced this action on March 27, 2013 by the filing of a Petition for Declaratory Judgment and Temporary Restraining Order and Permanent Injunction in the Circuit Court of Sebastian County, Arkansas.

2. On the same date, plaintiffs sought and obtained an *ex parte* Temporary Restraining Order ("TRO") against the defendant. The TRO did not provide any date upon which it expired, but provided that there would be a hearing on May 2, 2013 at 1:30 p.m. "to determine if the injunction shall be maintained during the pendency of this matter."

1

3.   On April 19, 2013, defendant removed the matter to this Court pursuant to 28 U.S.C. § 1332(a)(1).

4.   In the instant motion, the defendant now seeks reconsideration and termination of the TRO.  The plaintiffs have not responded to the motion to dissolve the TRO.

5.   According to caselaw, "[a]fter removal . . . state court orders remain in effect but 'federal rather than state law governs the future course of proceedings.'" <u>Palmisano v. Allina Health Systems, Inc.</u>, 190 F.3d 881, 885 (8th Cir. 1999)(citing <u>Granny Goose Foods, Inc. v. Brotherhood of Teamsters</u>, 415 U.S. 423, 437 (1974)).  Further, "[a]n ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal." <u>Granny Goose Foods</u>, 415 U.S. at 439-440.  For restraining orders entered without notice, Rule 65(b)(2) provides the time for termination not to exceed fourteen (14) days without good cause.

6.   Taking into account the above requirements, the date of removal, and the lack of arguments for continuation by the

2

plaintiffs, the Court finds that the temporary restraining order is dissolved.

IT IS, THEREFORE, ORDERED that defendant's **Motion to Dissolve State Court Ordered Temporary Restraining Order** (document #6) is **granted.**

IT IS SO ORDERED.

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE